Maria Lauretta DUSSAULT, Individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

REPUBLIC OF ARGENTINA, Defendant–Appellee,

**Bank of New York Mellon,
as Indenture Trustee,
Intervenor.†**

No. 14–4235–cv.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2015.

Miriam Skolnik (David B. Hamm, on the brief), Herzfeld & Rubin, P.C., New York, NY, for Plaintiff–Appellant.

Carmine D. Boccuzzi (Jonathan I. Blackman, Michael M. Brennan, Kristin A. Bresnahan, on the brief), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendant–Appellee.

Eric A. Schaffer (James C. Martin, on the brief), Reed Smith, LLP, New York, NY, for Intervenor.

Christopher J. Clark, Michael E. Bern, Lilia B. Vazova, Latham & Watkins, LLP, New York, NY, for Amici Curiae Euro Bondholders.

Present: ROBERT A. KATZMANN, Chief Judge, GERARD E. LYNCH, Circuit Judge, JANET BOND ARTERTON, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the order of the district court is hereby **AFFIRMED.** The plaintiff-appellant appeals from the district court's October 27, 2014, order denying her motion for a turnover order pursuant to New York's Civil Practice Law and Rules § 5225(b). The appellant, who is a judgment creditor of the defendant-appellee Republic of Argentina ("the Republic"), seeks to compel the intervenor Bank of New York Mellon ("BNY") to turn over funds in satisfaction of the judgment debt owed by the Republic. The district court denied the motion because, even assuming § 5225(b) applied to the assets in question, such turnover would be barred by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611. We assume the parties' familiarity with the relevant facts, the procedural history of the case, and the issues presented for review.

Section 5225(b) creates a remedy for judgment creditors in situations where property of a judgment debtor is in the possession or custody of a third party. *See N. Mariana Islands v. Canadian Imperial Bank of Commerce,* 717 F.3d 266, 267 (2d Cir.2013). To invoke § 5225(b), a judgment creditor must show, *inter alia,* "either that the judgment debtor is 'entitled to the possession of such property,' or . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Beauvais v. Allegiance Sec., Inc.,* 942 F.2d 838, 840 (2d Cir.1991) (quoting § 5225(b)).

The appellant cannot satisfy either of these alternatives. First, the judgment debtor—i.e., the Republic—is not "entitled to the possession" of the assets held by BNY. For this prong to be met, the Republic must be able to retrieve the disputed assets back from BNY. *See Swezey v. Lynch,* 87 A.D.3d 119, 926 N.Y.S.2d 415, 419 (2011), quoting Siegel, N.Y. Prac. § 488, at 826 [4th ed.] ("The judgment creditor stands in the shoes of the judgment debtor, and if a given property, as-

† The Clerk of Court is respectfully directed to amend the caption as set forth above.

* The Honorable Janet Bond Arterton, of the United States District Court for the District of Connecticut, sitting by designation.

set, interest, or deposit is unavailable to the debtor, it is unavailable to the creditor."). Here, however, when the district court froze the assets at BNY to enforce a prior injunction, the district court ordered BNY to "retain the Funds in its accounts ... pending further Order of this Court" and to "not make or allow any transfer of the Funds unless ordered by the Court." J.A. 79. To ensure that nothing would happen to the funds held by BNY, the district court expressly prohibited the Republic from "tak[ing] ... steps to interfere with BNY's retention of the Funds in accordance with the terms of this Order." *Id.* Under these injunctions, the Republic is barred from getting the funds back from BNY, and the Republic is therefore not "entitled to the possession" of the funds within the meaning of § 5225(b).

Second, the appellant's rights to the property are not "superior" to the rights of BNY. The appellant argues that she has a superior claim because she is owed more money, and has been denied payment for longer, than the exchange bondholders for whose benefit BNY has the money. But the appellant cites no New York authority permitting courts to determine "superior" rights to property based on subjective equitable assessments of the relative fairness of paying one class of creditor or another. Rather, "superior" rights in property have been assessed by the New York courts based on legal interests in the property, as for example where the "fraudulent conveyance provisions of the [New York] Debtor and Creditor Law" apply. *Gelbard v. Esses,* 96 A.D.2d 573, 465 N.Y.S.2d 264, 268 (1983). Here, however, the Republic's transfer of funds to BNY was not a fraudulent conveyance, because the Republic was attempting to pay other creditors for whom BNY acts as trustee. At most, then, the Republic's transfer was a preference · among creditors. But under New York law, preferring one creditor over another is neither actually nor constructively fraudulent. *See In re Sharp Int'l Corp.,* 403 F.3d 43, 56 (2d Cir.2005); *HBE Leasing Corp. v. Frank,* 48 F.3d 623, 634 (2d Cir.1995). Nor does the appellant claim any other legal interest in the funds transferred to BNY, such as a security interest, let alone an interest superior to that of BNY; she relies solely on her status as an unsecured general creditor of the Republic. The appellant's rights to the disputed property are therefore not superior to those of BNY.

In sum, because (1) the Republic is not entitled to possession of the property back from BNY, and (2) the appellant's rights to the property are not superior to the rights of BNY, the statutory prerequisites of § 5225(b) are not met. We accordingly affirm the district court's decision to deny the motion under § 5225(b), albeit on alternative grounds. Because § 5225(b) does not authorize turnover of the assets, we do not reach the question of whether such turnover would be barred by the Foreign Sovereign Immunities Act.

We have considered the appellant's remaining arguments, and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is **AFFIRMED.**